## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONFERENCE ARCHIVES, INC., ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:06-76 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| SOUND IMAGES, INC., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

**Gibson, J.,**

### I. INTRODUCTION

Now before the Court are Defendant's Request for Default Judgment (Document No. 34) and Plaintiff's Motion for Relief from Entry of Default (Document No. 35), as well as the Parties' supporting memoranda of law. Plaintiff Conference Archives, Inc. (hereinafter "CAI" or "Counterclaim Defendant") filed this contract action in the Pennsylvania Court of Common Pleas of Cambria County, alleging that Defendant was in breach of a nondisclosure agreement and stating a second claim under the Pennsylvania Uniform Trade Secrets Act. Document No. 1-2, ¶¶ 44-52. Defendant Sound Images, Inc. (hereinafter "SII" or "Counterclaimant") removed the matter to this Court on March 31, 2006, and on May 25, 2006, timely filed an Answer stating a claim for beach of an oral contract and seeking an accounting at law. Document No. 19. CAI's answer to the counterclaims was due on June 14, 2006.

Despite having entered his appearance on the record and actively participating in the procedural maneuvers surrounding a motion for preliminary injunction, counsel for CAI, Michael Parrish (hereinafter "Parrish"), failed to respond to SII's counterclaims. On June 27, 2006, Counterclaimant

1

filed its request for default, which the Clerk of Court entered against CAI as to SII's counterclaims on June 29, 2006. Document Nos. 32 & 33. SII requested default judgment the next day. Document No. 34. On July 5, 2006, CAI moved to have default set aside, filing a supporting brief with leave of Court on August 8, 2006. Document Nos. 35 & 41. CAI attached to the motion a copy of its answer and affirmative defenses to SII's counterclaims. Document No. 35-2. Counterclaimant responded to this motion on July 25, 2006 (Document Nos. 37 & 38), and filed its response to CAI's delayed opposition brief on August 21, 2006 (Document Nos. 45 & 46). For the reasons that follow, the Court will provisionally deny the motion to set aside default and defer ruling on the request for default judgment.

## II. ANALYSIS

Once it has been entered, default may be set aside "[f]or good cause shown." FED. R. CIV. P. 55(c). "A decision to set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) 'is left primarily to the discretion of the district court.'" *Bailey v. United Airlines*, 279 F.3d 194, 204 (3d Cir. 2002) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)). Nevertheless, the Third Circuit directs that the Court read a motion to set aside an entry of default liberally and with an eye toward resolving litigation on the merits. *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976). Accordingly,

> a district court cannot rest its denial of a motion to set aside a default judgment on the defendant's negligent failure to timely plead to a complaint, without determining whether prejudice would accrue to the plaintiff if the motion were granted, and whether a meritorious defense has been presented in support of the set aside motion. In doing so . . . any doubt should be resolved in favor of the petition to set aside the judgment.

*Id.* (citations omitted).

2

Where no default judgment has issued and there has only been an entry of default under FED. R. CIV. P. 55(a), "an even more liberal standard is applied to a motion to set aside the entry of default." *Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D. Pa. 1973). In such situations, courts should consider whether sanctions other than default could adequately redress abusive behavior. Thus, four factors guide the Court's analysis: 1) whether SII will be prejudiced if the Court opens the default; 2) whether CAI has a meritorious defense to the counterclaims; 3) whether the default was the result of Parrish's culpable misconduct; and 4) the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted).

## A. The Merits of CAI's Defenses

The Complaint alleges that the Parties entered an oral agreement to take advantage of CAI's technological capabilities and SII's business contacts and relationships. As part of the agreement, which allegedly obligated SII to refer clients to CAI, the Parties executed a written nondisclosure agreement to protect CAI's intellectual property and trade secrets. Document No. 1-2, ¶¶ 8-11. According to the Complaint, however, SII eventually ceased referring clients to CAI and instead serviced those clients with its own software, which it allegedly copied from CAI products in violation of the nondisclosure agreement and the Pennsylvania Uniform Trade Secrets Act. Id. at ¶¶ 24-52.

The counterclaims allege that CAI breached the oral referral agreement by failing to perform and not paying SII the required referral fees. Document No. 19, p. 7. SII therefore seeks recovery on the basis of breach of the oral contract and requests an accounting at law to quantify the sums due Counterclaimant. *Id.* at 8-9.

"[A] meritorious defense is presumptively established when the allegations of [the] answer, if

3

established on trial would constitute a complete defense to the action." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). CAI is thus required to "raise specific facts beyond a general denial so that [the Court] has some basis for determining whether [CAI] can make out a complete defense." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citing *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 194-96 (3d Cir. 1984)). CAI, however, does not specify any facts that could demonstrate its freedom from liability. Instead, CAI apparently defends against the counterclaims with the legal doctrines of unclean hands and setoff. As its first affirmative defense, CAI claims that the counterclaims are "barred due to [SII's] material breach of the Parties' written Non-Disclosure Agreement." Document No. 35-2, p. 4. In its second affirmative defense, CAI asserts that "[i]n the event that any amount is due [SSI], such amount must be entirely or substantially set off against the amount owed by [SSI] to [CAI]." *Id*. at 5.

For immediate purposes, these defenses fall short of their mark. "[T]he equitable doctrine of unclean hands is not a matter of 'defense' to the defendant. . . . [but] is to be applied only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." *Ne. Women's Ctr., Inc. v. McMonagle*, 868 F.2d 1342, 1354 (3d Cir. 1989) (citations omitted). Furthermore, no binding precedent requires the Court to apply the doctrine in any given situation. *In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999). "As an equitable doctrine, application of unclean hands rests within the sound discretion of the trial court." *Id*. Because there is no guarantee that this doctrine could help CAI avoid liability on the counterclaims, it does little to persuade the Court that default should be set aside.

CAI's setoff argument is similarly unavailing here. "The right of setoff (also called 'offset')

4

allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank v. Strumpf*, 516 U.S. 16, 18, 116 S. Ct. 286, 133 L. Ed. 2d 258 (1995) (citation omitted). Setoff is thus not a defense against liability, but "a procedural device by which a party may seek to reduce the amount owed to an opponent." *United States v. York*, 909 F. Supp. 4, 7-8 (D.D.C. 1995) (citing *Nashville Lodging Co. v. Resolution Trust Corp.*, 59 F.3d 236, 246 (D.C. Cir. 1995)). Though a possible setoff could conceivably reduce CAI's liability on the counterclaims to nothing, it is not a defense that militates in favor of setting aside the default.

Because CAI has not presented a meritorious defense to SII's counterclaims, SII argues that that the Court must preserve the default. Document No. 38, p 8; Document No. 46, p. 10. As circuit precedent holds, "[t]he threshold issue in opening a default judgment is whether a meritorious defense has been asserted. *Hritz*, 732 F.2d at 1181. *See also § 55,518.05*, 728 F.2d at 194-95.

The Court is mindful, however, that *Hritz* and *§ 55,518.05* were both cases in which default *judgment* had been entered, and that a more liberal standard applies when a court is asked to set aside only the *entry* of default. As a court in the Eastern District has noted, "[i]n cases where default judgment has not been entered, courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." *Mike Rosen & Assocs., P.C. v. Omega Builders*, 940 F. Supp. 115, 121 (E.D. Pa. 1996) (citing *Inter. Finish Contractors Ass'n of Del. Valley vs. Dry Wall Fin. Loc. Union No. 1955*, 625 F. Supp. 1233, 1238-39 (E.D. Pa. 1985)). Instead, consideration of the remaining factors—including the effectiveness of alternative sanctions—is appropriate. Thus, if the remaining factors weigh in favor of setting aside the default, the lack of a

5

meritorious defense will not compel denial of CAI's motion.

## B. The Culpability of CAI's Conduct

Culpable conduct requires that "more than mere negligence be demonstrated." *Hritz*, 732 F.2d at 1183. The standard encompasses not only willful bad faith, but also things like a "[r]eckless disregard for repeated communications." *Id.* Parrish has reported that CAI's Answer "was not timely filed due to inadvertence or excusable neglect." Document No. 35, ¶ 1. Parrish apparently failed to properly calendar the date upon which the Answer was due and was later "out of his office for the birth of his daughter." Document No. 35, ¶ 2; Document No. 39, ¶ 1. Parrish's otherwise timely prosecution of his client's case convinces the Court that default was the result of an exceptional lapse. There is no evidence of willfulness or bad-faith in the record and Parrish has not evinced any other contumacy in this litigation. The Court therefore cannot find that counsel's conduct should obstruct the resolution of this case on its merits. *See Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987) (finding no culpability where default was the result of miscommunication and personal distraction); *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (same). This factor thus weighs in CAI's favor.

## C. Prejudice to SII

SII has not argued that opening the entry of default would prejudice its case. Mere "[d]elay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982). This factor also weighs in CAI's favor.

## D. The Effectiveness of Alternative Sanctions

6

Certain considerations favor lifting the entry of default, including a general preference in this Circuit for resolving lawsuits on their merits. However, the Court does not easily condone disregard for pleading deadlines, and it is not insignificant that almost two weeks passed between CAI's June 14, 2006, deadline for responding to the counterclaims and SII's June 27, 2006, request for the entry of default. During that time CAI neither petitioned to file an untimely responsive pleading nor sought to otherwise explain its delay. Even if good cause occasioned counsel's negligence, the Court feels that it should not lift the default unless some other sanction is more tailored to the circumstances under review.

The Third Circuit suggests that such alternatives include:

> a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, and dismissal of the suit unless new counsel is secured. . . . [D]istrict courts may also consider as sanctions the preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel under 28 U.S.C. § 1927.

*Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (citations omitted). One common alternative sanction is the imposition of attorney's fees and costs as a "wake up call" to the defaulting party. *See, e.g.*, *Griffen v. Alpha Phi Alpha, Inc.*, No. 06-1735, 2006 U.S. Dist. LEXIS 82435 (E.D. Pa. Nov. 13, 2006); *Trs. of the Nat'l Elevator Indus. Pension, Health Benefit and Educ. Funds v. Nordic Indus., Inc.*, No. 96-5151, 1997 U.S. Dist. LEXIS 1857 (E.D. Pa. Feb. 14, 1997); *Dominion Airtech v. Born Env't. Servs.*, No. 02-8524, 2003 U.S. Dist. LEXIS 9809 (E.D. Pa. May 28, 2003); *Harrison v. Host Marriott Corp.*, No. 97-5925, 1997 U.S. Dist. LEXIS 20489 (E.D. Pa. Dec. 19, 1997); *Foy v. Dicks*, 146 F.R.D. 113 (E.D. Pa. 1993). In *Griffen*, *Harrison*, and *Foy*, however, the litigant in

7

default had demonstrated a more entrenched disregard for procedure, and the Court agrees that financial sanctions are most appropriate when addressing an instance of deliberate noncompliance or a pattern of procedural error. *See Corestates Leasing v. Westchester Square Med. Ctr.*, No. 96-7557, 1997 U.S. Dist. LEXIS 8181 (E.D. Pa. June 5, 1997) ("Imposition of attorney's fees may be an effective alternative sanction in an appropriate case. This, however, is not such a case. [Defendant] has not engaged in a pattern of 'procedural ineptitude' which would warrant it paying [Plaintiff's] fees."); *E. Coast Express v. Ruby, Inc.*, 162 F.R.D. 37 (E.D. Pa. 1995) ("Given that there is no evidence of bad faith or willful behavior . . . it would not be appropriate to impose upon it some punitive sanction.").

In other cases, where an entry of default is not set aside for lack of a meritorious defense, some courts instead grant additional time within which to correct the insufficiency. *See, e.g.*, *Choice Hotels Int'l, Inc. v. Pennave Assocs.*, 192 F.R.D. 171, 175-76 (E.D. Pa. 2000) (granting defendant six days to present a meritorious defense); *Charowsky v. Kurtz*, No. 98-5589, 1999 U.S. Dist. LEXIS 17613 (E.D. Pa. Nov. 8, 1999) (granting thirty days); *Atlas Commc'ns v. Waddill*, No. 97-1373, 1997 U.S. Dist. LEXIS 17049 (E.D. Pa. Nov. 3, 1997) (granting twenty days); *Mike Rosen & Assocs.*, 940 F. Supp. at 121 (granting ninety days).

The Court will deny CAI's motion to set default aside. However, because the Court would grant the motion but for CAI's lack of a meritorious defense, and because Parrish has neither intentionally flaunted his obligations nor engaged in a pattern of contumacy, default will be set aside if CAI files within thirty days a motion for reconsideration to which it appends a responsive pleading stating facts that, if proven at trial, would establish a complete defense to SII's counterclaims. Failure to adequately do so will result in the entry of default judgment in favor of SII as to the counterclaims.

8

## III. CONCLUSION

"Between the extremes of repeated contumacious conduct and innocent procedural error are the manifold instances of neglect and inadvertence that require trial courts to weigh the equities of the situation and the need for the efficacious resolution of controversies." *Hritz*, 732 F.2d at 1181. Along that spectrum, CAI's failure to timely answer SII's counterclaims is located quite near innocent procedural error. The preference for deciding cases on their merits should control, but CAI must first provide the necessary indication that it can present a legitimate defense to the claims against it.

An appropriate Order follows.

**AND NOW,** this 20th day of March, 2007, in accordance with the foregoing Memorandum Opinion, **IT IS HEREBY ORDERED** that the Motion to Set Aside Default from Plaintiff Conference Archives, Inc. (Document No. 35) is **DENIED**. If Plaintiff can identify specific facts that, if proven, would constitute a complete defense to Defendant Sound Images Inc.'s counterclaims, it must file a motion to reconsider in accordance with the Memorandum Opinion within thirty days of the date of this Order.

Pending review of any motion to reconsider, the Court will defer any ruling on Defendant's Request for Default Judgment.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**

9