IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONFERENCE ARCHIVES, INC., ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:06-76 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| SOUND IMAGES, INC., ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court is Plaintiff's Motion for Reconsideration (Document No. 48), filed in response to the March 20, 2007, Memorandum Opinion and Order (Document No. 47), in which the Court held that it would set aside the Clerk's June 29, 2006, entry of default as to Defendant's counterclaim (Document No. 33) upon Plaintiff's timely demonstration of a meritorious defense. Upon review of Plaintiff's Motion and the Memorandum of Law filed in support thereof (Document No. 49), the Court hereby finds that the entry of default should be lifted and Defendant's motion for default judgment denied.

The factual history of this case is adequately set forth in the Court's prior Opinion. For immediate purposes, it suffices to note that Defendant Sound Images, Inc. (hereinafter "SII" or "Defendant") has alleged the breach of an oral referral agreement, which obligated Plaintiff Conference Archives, Inc. (hereinafter "CAI" or "Plaintiff") to pay SII certain fees. In addition to its counterclaim, SII also seeks an accounting at law to help quantify the amount due. Document No. 19, ¶¶ 14-24.

To meet its obligations under the Court's previous Order, CAI must now allege facts that, if established at trial, would constitute a complete defense to SII's counterclaim. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). "CAI is thus required to 'raise specific

1

facts beyond a general denial so that [the Court] has some basis for determining whether [CAI] can make out a complete defense.'" *Conf. Archives, Inc. v. Sound Images, Inc.*, No. 06-76, 2007 U.S. Dist. LEXIS 19604, at *6 (W.D. Pa. Mar. 20, 2007) (quoting *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995)). In an Amended Answer attached to the motion *sub judice*, Plaintiff specifically denies the formation of an oral contract between the Parties. Document No. 48-2, ¶¶ 6, 16. In the alternative, CAI avers that, to the extent any oral contract did exist, Plaintiff was released from performance by Defendant's prior material breach of the separate nondisclosure agreement. *Id.* at ¶¶ 21-24.

These allegations leave open outstanding issues of fact that could foreclose recovery on SII's counterclaim. If CAI can show that no oral contract was formed, it will naturally prevail on SII's breach of contract claim. Alternatively, if Plaintiff can show that the written nondisclosure agreement was essential to an interrelated nexus of promises that included the alleged oral contract, then any breach of the former might release CAI's duties to perform under the latter. *See* Restatement (Second) of Contracts § 237 cmt. e (1981) ("[O]nly duties with respect to the performances to be exchanged under the particular exchange of promises are affected by a failure of one of those performances."). Such *prima facie* evidence of meritorious defenses, as well as the Third Circuit's preference for adjudicating cases on the merits, *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976), compels setting aside the default and denying Defendant's motion for default judgment.

An appropriate Order follows.

2

**AND NOW,** this 23rd day of April, 2007, upon consideration of Plaintiff's Motion for Reconsideration (Document No. 48), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Accordingly, the Clerk's entry of default in the above-captioned matter is set aside.

In accordance with the foregoing, **IT IS FURTHER ORDERED** that Defendant's Motion for Default Judgment (Document No. 34) is **DENIED**.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**