IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONFERENCE ARCHIVES, INC.,<br>        Plaintiff,<br><br>v.<br><br>SOUND IMAGES, INC.,<br>        Defendant. | )<br>)<br>)<br>)   Civil NO. 3:2006-76<br>)<br>)   JUDGE GIBSON<br>) |

## MEMORANDUM AND ORDER

**GIBSON, J.**

    This matter came before this Court when Defendant filed a Notice of Removal from the Court of Common Pleas of Cambria County (Document No. 1). Plaintiff filed a Motion for Partial Summary Judgment (Doc. No. 82). Defendant filed a Motion for Summary Judgment (Document No. 86). This Court issued a Memorandum and Order on March 31, 2010 (Document No. 102), denying Plaintiff's Motion for Summary and Judgment and granting in part, and denying in part Defendant's Motion for Summary Judgment. Following the issuance of the Memorandum and Order, Defendant filed a Motion for Reconsideration and Request for Status Conference (Document No. 104). Plaintiff filed an Opposition to Defendant's Motion for Reconsideration (Document No. 107). The Court now grants Defendant's Motion for Reconsideration (Document No. 104) and denies the Request for Status Conference (Document No. 104) as moot, and grants Defendant's Motion for Summary Judgment (Document No. 86).

    This Court has previously recognized the standards governing motions for reconsideration:

> The United States Court of Appeals for the Third Circuit has held that "[t]he purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Cohen v. Austin*, 869 F.Supp. 320, 321 (E.D.Pa.1994) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986)) (quoted in *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998)). Accordingly, a "district court will grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Williams*, 32 F.Supp.2d at 238; *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.* 796 F.Supp. 829, 830 (M.D.Pa.1992)).

*Velazquez v. UPMC Bedford Memorial Hosp.*, 338 F.Supp.2d 609, 610-611 (W.D.Pa.2004).

This case falls into the third category. In the complaint, Plaintiff asserted only two causes of action: (1) Breach of Contract and (2) violation of the Pennsylvania Uniform Trade Secrets Act. While Plaintiff addressed other issues—including the trade dress claim—in various pleadings, including summary judgment briefs, this issue was not raised in the complaint. Accordingly, it was not appropriate for the Court to consider this issue in the Court's Memorandum and Order. The Court now grants the Defendant's Motion for Reconsideration in order to correct a clear error of law. *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa.1998).

The Court addressed both claims—Breach of Contract and violation of the Pennsylvania Uniform Trade Secrets Act—in the previous Memorandum and Order issued on March 31, 2010 (Document No. 102). The Court found that Plaintiff failed to state a claim on which relief could be granted for both of these claims. Because relief could not be granted on those two claims, Defendant's Motion for Summary Judgment should have been granted in its entirety, rather than in part. The Court now corrects that error. While the logic of the Court's discussion of the trade dress claim may be instructive to future courts, and should be considered for its reasoning, the Court hereby withdraws that portion of the previous opinion as this claim was not properly raised.

AND NOW, this 28th day of **July, 2010**, in accordance with the foregoing Memorandum and Order, IT IS HEREBY ORDERED THAT the Defendant's Motion for Reconsideration (Document No. 104) is **GRANTED** and the Request for Status Conference (Document No. 104) is **DENIED** as moot, and Defendant's Motion for Summary Judgment (Document No. 86) is **GRANTED**.

BY THE COURT:

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**